**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NOBLEWORKS, INC.,<br>Plaintiff,<br>v.<br>YANGJIAN ZHOU, *et al.*,<br>Defendants. | Civil Action No. 25-13599 (JXN)(JRA)<br><br>**MEMORANDUM OPINION AND ORDER** |

**NEALS**, District Judge

The Court considers, *sua sponte*, whether this action should be dismissed for lack of prosecution and failure to comply with the Court's Order pursuant to Federal Rule of Civil Procedure[1] 41(b). For the reasons set forth below, this case is **DISMISSED *without prejudice.***

On July 21, 2025, Plaintiff Nobleworks, Inc. ("Plaintiff") filed this copyright infringement action against Defendants Yangjian Zhou and Yangjian Zhou *d/b/a* PTRUKD (collectively "Defendants"). (ECF No. 1.) Summons issued on July 22, 2025. (ECF No. 3.)

On November 18, 2025, the Court entered a Notice of Call for Dismissal for failure to effect service of the summons and complaint within 90 days of the Complaint's filing. (ECF No. 5.) In response, Plaintiff filed a letter dated November 25, 2025, attaching an Affirmation of Non-Service and requesting an extension to locate and serve Defendants in Hong Kong. (ECF No. 6.) On December 2, 2025, the Court granted Plaintiff's request and directed Plaintiff to effect proper service of process on Defendants and to provide the Court with a status update on service by Monday, January 5, 2026. (ECF No. 7.) The Court cautioned that if Plaintiff did not

[1] "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

properly serve Defendants or failed to update the Court on service efforts by January 5, 2026, the case would be dismissed for lack of prosecution. (*Id.*) The Notice of Call for Dismissal issued on November 18, 2025, was withdrawn. (*Id.*)

On January 5, 2026, Plaintiff filed a letter updating the Court on the status of service of the Summons and Complaint and requesting an extension of time to locate a new address and to obtain proper service upon Defendants. (ECF No. 8.) On January 6, 2026, the Court granted Plaintiff an additional forty-five (45) days, until February 20, 2026, to effect proper service of process on Defendants. (ECF No. 9.)

Plaintiff failed to effect proper service of process on Defendants or to provide the Court with a status update on service by the February 20, 2026 deadline. As a result, on April 13, 2026, the Court entered a notice of call for dismissal pursuant to Rule 4(m) (the "Notice") (ECF No. 10). The Notice stated that this "action will be dismissed on April 20, 2026, for failure to effect service of the summons and complaint within 90 days of the filing of the complaint, unless you establish that service was effected within said 90 days, by filing proof of service with the Clerk of the Court before the return date of this notice." (*Id.*)

In response to the Notice, Plaintiff filed a letter informing the Court of its inability to locate and serve Defendants and requesting, for the third time, an extension of time to serve them in Hong Kong. (ECF No. 11.) On April 21, 2026, the Court granted the request, directed Plaintiff to effect proper service of process on Defendants pursuant to Rule 4(f), and to provide the Court with a status update on service of process by Friday, June 5, 2026. (ECF No. 12.) The Court further advised that dismissal would result if Plaintiff did not complete proper service within this timeframe or show that a "reasonable prospect" exists that it may properly serve Defendants. (*Id.*, citing *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992); *contra Omega Pats., LLC v. Geotab*

*USA, Inc.*, 660 F. Supp. 3d 274, 280 n.2 (D. Del. 2023) (dismissing plaintiff's complaint as to foreign defendant for improper service rather than quashing service because plaintiff "has not attempted to show that there remains a reasonable prospect of effecting service on [foreign defendant]")).

Plaintiff failed to meet the June 5, 2026 deadline. As a result, on August 19, 2026, the Court issued a Letter Opinion directing Plaintiff, within thirty (30) days, to show cause in writing whether it properly and timely served Defendants, or to show good cause for failing to do so. (ECF No. 13.) The Court specifically put Plaintiff on notice that failure to file a response may result in dismissal of this action for failure to prosecute pursuant to Rule 41(b).

Pursuant to Rule 41(b), the Court may dismiss an action when a plaintiff fails to prosecute his case or comply with the court rules or a court order. Fed. R. Civ. P. 41(b). Generally, when deciding whether to dismiss a case for a plaintiff's failure to prosecute, the Court considers the six factors adopted by the Third Circuit in *Poulis v. State Farm Fire and Casualty Co.,* 747 F.2d 863, 868 (3d Cir.1984). The Court notes, however, that "when a litigant's conduct makes adjudication of the case impossible, [a] balancing under *Poulis* is unnecessary." *McLaren v. N.J. Dept. of Educ.,* 462 Fed.Appx. 148 (3d Cir. 2012); *see also Spain v. Gallegos,* 26 F.3d 439, 455 (3d Cir.1994).

The time within which Plaintiff was required to show cause in writing to the Court pursuant to the August 19, 2026 Letter Opinion has expired. (*See* ECF No. 13.) To date, Plaintiff has not submitted proof of service or shown that there remains a reasonable prospect of effecting service on Defendants; and has not otherwise communicated its intentions regarding litigating this matter to the Court. The Court therefore finds that dismissal of Plaintiff's Complaint is warranted at this time based on Plaintiff's continued failure to prosecute its claims and to comply

with this Court's Orders. Accordingly,

**IT IS** on this 21st day of September 2026,

**ORDERED** that:

1. This matter is **DISMISSED** ***without prejudice*** for failure to prosecute and for failure to comply with the Court's Orders.

2. The Clerk of Court is directed to mark this action as **CLOSED**.

**JULIEN XAVIER NEALS**
**United States District Judge**